(36 Misc. Rep. 294.)

STEINWAY v. STEINWAY et al.

(Supreme Court, Special Term, New York County. November, 1901.)

TRUST—ACTION BY BENEFICIARY—PARTIES.
  The court of appeals construed a will relative to personalty given to the same trustees under four similar distinct provisions as vesting title in severalty to each legatee to a certain share of the corpus of the property applicable to him or his class, payments only being postponed, and held that the trustees took only a power in trust to hold and pay over

in the meantime. *Held,* in an action by one legatee out of seven, entitled under one of the powers in trust to recover of the trustees income withheld by them, and the interest earned thereon during the litigation over the will, legatees entitled under the other powers in trust are not necessary parties.

Action by Henry W. T. Steinway against Charles H. Steinway and others. Demurrer to complaint overruled.

Sullivan & Cromwell, for plaintiff.

John Delahunty, for defendant demurrants.

SCOTT, J. The adult defendants demur to the complaint upon three grounds: First, that the court has no jurisdiction of the subject of the action; second, that there is a defect of parties defendant; third, that the complaint does not state facts sufficient to constitute a cause of action. The first and third grounds of demurrer do not seem to be insisted upon; at least the defendants have not argued them either orally or upon the brief. The second ground —that there is a defect of parties defendant—is strongly insisted upon. The action results from a long litigation over the will of Christian F. T. Steinway, deceased. By the thirty-third article of this will the testator disposed of his holdings in the corporation of Steinway & Sons, amounting to 4,000 shares. In terms he bequeathed these shares to his executors and trustees (the survivors of whom are defendants here), in trust to be managed by them until January 1, 1904. He then provided for the ultimate disposition of the shares by four paragraphs distinguished by the letters A, B, C, and D. By paragraph A he set apart one-fourth of the shares to be held by the trustees to and for the benefit of the children of a deceased sister until January 1, 1904, the said trustees paying them in equal proportions a sum representing a yearly income of 5 per centum on and from said shares, and on January 1, 1904, paying over the said shares in equal proportions to the beneficiaries or their heirs; the excess from the annual income from such shares over and above 5 per centum to be retained by the trustees as their compensation for managing said shares until said January 1, 1904. By paragraph B a precisely similar disposition of one-fourth of the total number of shares and the income therefrom is made for the benefit of the children of another sister. By paragraph C a precisely similar disposition of one-fourth of the total number of shares and the income therefrom is made for the benefit of the plaintiff and Charles H. Steinway and Frederick T. Steinway, sons of a deceased brother of the testator. By paragraph D a precisely similar disposition of one-fourth of the total number of shares and the income therefrom is made for the benefit of the brother of the testator, or in case of his death before January 1, 1904, for his children. It is to be observed that by this scheme of disposition the testator divided the shares in question into four distinct parts, making a separate disposition of each part, the only provision common to all of the parts being that the whole amount of stock should be held and managed by the trustees until January 1, 1904, and that until that date the respective beneficiaries should receive but 5 per cent. income from the shares.

the remainder of the income being retained by the trustees for their compensation. It has been held by the court of appeals that the effect of this provision of the will was to vest in each legatee, in severalty, at the time of the testator's death, the proportion of the shares bequeathed to him, the time of payment alone being postponed until 1904, the trustees meanwhile taking no title to the shares as against the title of the beneficiaries, but a mere power in trust to hold and manage the shares during the period designated, and to pay over the income as directed by the will. 163 N. Y. 183, 57 N. E. 312. The litigation which resulted in this construction extended over a period of seven years ending by the entry of a final decree on May 22, 1890. During the pendency of the action payment of income to the beneficiaries was suspended, and the income permitted to accumulate in the hands of the trustees. On November 17, 1900, the trustees tendered to the plaintiff a sum which, as they claimed, represented the amount due for accumulated income upon the shares belonging to him held by them. This amount was arrived at by adding to 5 per centum upon said shares for the seven years of accumulation interest at 2 per centum, compounded annually, and deducting from the sum one-twelfth of the expenses incurred by the trustees in defending the validity of the will in the litigation to which reference has been made. The plaintiff refused to accept the sum thus tendered, claiming that it was less than he was entitled to receive, because the interest in fact received by the trustees upon said accumulation of income exceeded the interest which they offered to allow, and further insisting that no part of the expenses of litigation should be charged against the income from the shares owned by plaintiff, and, in any event, that the expenses as charged were unreasonable and excessive. The action is, in effect, brought to recover from the trustees the income, at the rate of 5 per centum per annum, upon 333 ⅓ shares of the stock owned by plaintiff, and held by the trustees under a power in trust, with the interest actually received by the trustees upon the income while retained by them pending the litigation, and without any deduction for legal expenses, or at least with a much less deduction than the trustees propose to make.

The defect of parties of which the defendants complain is that certain of the beneficiaries under paragraphs A, B, and D of the thirty-third article are alleged to have died since the death of the testator, and their personal representatives (meaning thereby their executors or administrators) have not been made parties. While the complaint states the deaths of these beneficiaries, it does not state as to any of them whether they died testate or intestate, and, if intestate, whether administrators were appointed; and we can look no further than the complaint for information on these points, for the defect, if there be one, must be apparent on the face of the complaint if the demurrer is to prevail. It is significant that the beneficiaries who are alleged to have died do not include Charles H. Steinway and Frederick T. Steinway, named with the plaintiff as beneficiaries under paragraph C of the thirty-third clause of the will, and they are both named as defendants in the action. The beneficiaries under the other clauses of the will have no interest in the question as to how

much the plaintiff shall receive upon the shares owned by him in severalty. That is a question only between himself and the trustees. Each of them may be, and doubtless will be, interested in an entirely similar question respecting the shares owned by them, but their interest will be, not in the controversy between the plaintiff and the trustees, but in the questions suggested by that controversy. It may be convenient that the question should be settled as to all of them in the same action, and for that reason it may have been proper enough to make them, or those of them who survive, parties to the action, in order that they may assert such claims respecting the amount to be paid them as they see fit. Their presence cannot, however, be necessary to the complete determination of the particular controversy which has arisen between the plaintiff and the defendant trustees; for, if the plaintiff should recover more than the trustees have offered to pay him, the excess to be paid will not come out of the share of any other beneficiary, or in any wise reduce the amount to be received by any other of the beneficiaries except the trustees. Demurrer overruled with costs, with leave to defendants to withdraw demurrer and answer within 20 days on payment of costs.

Demurrer overruled, with costs, with leave to withdraw demurrer and answer within 20 days on payment of costs.